# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH H. WILLIAMS,

     Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,

     Agency.

DOCKET NUMBER
AT-0752-21-0567-I-1

DATE: January 4, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jerry Girley</u>, Esquire, Orlando, Florida, for the appellant.

<u>Andrew James Patch</u>, Esquire, Tampa, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal on due process grounds. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was formerly employed as a Material Handler at the Veterans Health Administration in Orlando, Florida, until the agency removed him, effective July 17, 2021, based on three charges of inappropriate conduct, failure to follow instructions, and absence without leave. Initial Appeal File (IAF), Tab 4 at 25, 27-28. The appellant filed a Board appeal, alleging that the agency removed him in retaliation for filing equal employment opportunity complaints. IAF, Tab 1, Tab 12 at 83. Although not raised by the appellant, during the conclusion of the hearing, the administrative judge identified a potential due process issue and ordered the parties to address the issue in their closing briefs. IAF, Tab 24, Hearing Audio, Tab 26 at 1. Both parties responded to the administrative judge's order. IAF, Tabs 28-29.

Subsequently, the administrative judge issued an initial decision, reversing the agency's removal action because she found that it violated the appellant's due process rights by considering improper ex parte information. IAF, Tab 30, Initial Decision (ID). In particular, the administrative judge found that, based on the deciding official's testimony, the agency denied the appellant notice and an opportunity to respond to its consideration that his conduct constituted a "threat" in determining the appropriate penalty. ID at 4. The administrative judge was not persuaded by the deciding official's responses that he did not make his decision on charges not brought and that he did not believe that he had the ability to substitute charges. ID at 3.

The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has responded to the agency's petition. PFR File, Tab 4. The agency has filed a reply. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

Pursuant to *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368,

1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed. *Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 6 (2015). An employee's due process right to notice extends to both ex parte information provided to a deciding official and to information known personally to the deciding official if he considered it in reaching his decision without previously disclosing it to the appellant. *Id. Ward, Stone,* and their progeny recognize, however, that not all ex parte communications rise to the level of due process violations; rather, only ex parte communications that introduce new and material information to the deciding official are constitutionally infirm. *Id.*

In *Stone*, the U.S. Court of Appeals for the Federal Circuit identified the following factors to be used to determine whether ex parte information is new and material: (1) whether the ex parte communication introduces cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone,* 179 F.3d at 1377. Ultimately, the Board's inquiry in deciding whether an employee's due process rights have been violated is "whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Id.*

In the initial decision, the administrative judge found that the agency violated the appellant's due process rights by considering uncharged conduct, or "a serious threat," in its penalty determination without providing the appellant notice and an opportunity to respond. ID at 2-3. In weighing the *Stone* factors, the administrative judge determined that the deciding official's consideration of a "serious threat" introduced new information, that the appellant did not know of or have a chance to respond to such information, and that "the agency's

consideration of a charge other than that set forth in the notice of proposed removal cannot fairly be deemed cumulative or immaterial to the deciding official's decision."  ID at 4.

On review, the agency argues that the administrative judge erred in finding that the deciding official violated the appellant's due process because the proposal notice and its attachments provided the appellant with meaningful notice of the charges against him and the agency's perception of the charges. PFR File, Tab 1 at 5-6; IAF, Tab 4 at 32, 39-40, 48-69.  For the following reasons, we agree.

Nothing in law or regulation requires that an agency affix a label to a charge of misconduct.  *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202 (1997).  While an agency is required to state the reasons for a proposed adverse action in sufficient detail to allow the employee to make an informed reply, the charge must be viewed in light of the accompanying specifications and circumstances, and should not be technically construed.  *Id.*  Here, the agency did not charge the appellant with making a threat, nonetheless the proposal notice indicated that the appellant made statements to the effect of:  (1) "I guess I am going to have to harm someone to get something done"; (2) "someone is going to get hurt in here"; and (3) "[h]e was going to hurt someone."  IAF, Tab 4 at 39-40. The narrative also contains dates, times, names of participants, and a detailed description of the alleged events.  *Id.*  In addition, the alleged statements are inherently threatening, and it was not necessary to specifically advise the appellant that the deciding official might consider them as such.  *See Harding v. U.S. Naval Academy*, 567 F. App'x 920, 925-26 (Fed. Cir. 2014) (finding that the appellant was "not deprived of due process by not being advised in advance that the deciding official might draw [an] inference from the nature of the charged conduct").[2]

---

[2] Although *Harding* is an unpublished decision, the Board may rely on unpublished Federal Circuit decisions where, as here, it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

The Board has held that a notice of proposed adverse action need not be a self-contained document; the notice requirement is satisfied when the proposal and any attachments to it, taken together, provide the employee with specific notice of the charges against him so that he can make an informed and meaningful reply. *Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 15 (2004). Consequently, we find that the deciding official's consideration of the appellant's conduct as a serious threat was not new information. *See Stone*, 179 F.3d at 1377.

Because we find that the deciding official did not consider new information, we disagree with the administrative judge's determination that the appellant did not know of that information or have an opportunity to respond to it. ID at 4. To the contrary, for the reasons discussed above, we find that the appellant understood the charges against him, as well as the agency's perception of those charges, and had an opportunity to provide a meaningful response despite electing not to do so. Accordingly, regardless of whether the purported ex parte information was of the type likely to result in undue pressure, the other factors do not weigh in the appellant's favor and do not warrant a finding that the alleged ex parte information was so substantial and so likely to cause prejudice that no employee could fairly be required to be subjected to a deprivation of property under the circumstances. *See Stone*, 179 F.3d at 1377.

In light of the foregoing, we vacate the initial decision and remand the case to the regional office for adjudication on the merits. On remand, the administrative judge shall conduct any further proceedings necessary to make findings regarding the charge, the appellant's affirmative defense, nexus, and the penalty, including a supplemental hearing, if appropriate. Thereafter, the administrative judge shall issue a new initial decision.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Jennifer Everling*

_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.